UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDUIN PETERS | CIVIL ACTION |
| VERSUS | NO. 23-5300 |
| USAA CASUALTY INSURANCE COMPANY | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is plaintiff's unopposed motion to remand.[1] For the following reasons, the Court grants the motion.

## I.     BACKGROUND

Plaintiff filed this action in Louisiana state court on August 9, 2023.[2] The state court petition alleges that defendant is liable on an insurance policy for property damage caused by Hurricane Ida.[3] In the petition, plaintiff does not state whether the amount in dispute exceeds $75,000 and does not include a specific demand. Defendant removed the matter to this Court on September 14, 2023, on the basis of diversity jurisdiction.[4] In the notice of

---

[1]   R. Doc. 8.
[2]   R. Doc. 1-1.
[3]   *Id.*
[4]   R. Doc. 1.

removal, defendant contends that plaintiff's petition references at least $62,576.69 in compensatory damages, which defendant alleges shows that the amount in controversy is met after taking into account penalties, attorney's fees, court costs, and damages for mental anguish.[5]

On September 22, 2023, plaintiff filed the motion to remand, asserting that defendant failed to adequately plead its citizenship, and that the amount in controversy is less than $75,000, as evidenced by a demand letter sent to defendant and because of payments defendant has already issued to plaintiff.[6] On October 18, 2023, plaintiff filed a stipulation limiting the total damages recoverable by plaintiff to $75,000.[7]

The Court considers the motion below.

## II.   LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is

---

5   *Id.* at 2.
6   R. Doc. 8.
7   R. Doc. 12.

2

guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts."). Though the Court must remand the case to state court if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Under Fifth Circuit law, if a plaintiff pleads damages less than the jurisdictional amount, this figure will generally control and bar removal. *See Allen*, 63 F.3d at 1335. If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds $75,000, then removal is proper. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335. But if the plaintiffs

establish with legal certainty that the claims are for less than $75,000, then they can defeat removal. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995); *see also Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 355 n.4 (5th Cir. 2023) (affirming same).

Additionally, "post-removal [stipulations or ]affidavits may be considered in determining the amount in controversy at the time of removal . . . if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). But "if it is facially apparent from the [state court complaint] that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.* (citations omitted).

### III. DISCUSSION

As a threshold matter, defendant's decision not to oppose plaintiff's remand motion "alone provides sufficient grounds to remand." *Brown v. Heintz*, No. 16-13697, 2017 WL 604034, at *2 (E.D. La. Feb. 15, 2017) (collecting cases); *see also Jackson v. City of New Orleans*, No. 95-1340, 1995 WL 599046, at *1 (E.D. La. Oct. 10, 1995) (holding that plaintiff's remand motion "could be granted as unopposed").

Further, it is not facially apparent from the original petition that the jurisdictional amount is satisfied. The original petition references figures which add up to $62,576.69, but does not assert that plaintiff seeks to recover all of that sum.[8] Plaintiff states that the amount in controversy in this action is lower because of "prior payments made."[9] *See Nelsen v. Garrison Prop. and Cas. Ins. Co.*, No. 2023 WL 5844754, at *4 (E.D. La. Sep. 11, 2023) (holding that tendered payments may reduce amount in controversy). Plaintiff also states that he issued a demand letter to defendant on June 23, 2023, for $68,847.94, which included penalties and attorneys' fees, before defendant made payments on the claim for coverage at issue in this suit.[10] Further, plaintiff has stipulated that he will not seek or accept more than $75,000 in damages.[11] Defendant does not contest the stipulation, nor does it offer evidence that the amount in controversy in this matter exceeds $75,000. *See De Aguilar*, 47 F.3d at 1406 ("Post-removal [stipulations or ]affidavits sometimes can be relevant where the jurisdictional amount question is unresolved."); *Guillory v. Chevron Stations, Inc.*, No. 03-2385, 2004 WL 1661201, at *2 (E.D. La. July 22, 2004) ("Given that the amount in

---

8   R. Doc. 1-1 ¶ 42.
9   R. Doc. 8-1 at 4.
10  *Id.*
11  R. Doc. 12.

5

controversy is not facially apparent from the complaint and [defendant's] inability to show by a preponderance of the evidence that more than $75,000 is in controversy, the Court credits [plaintiff's stipulation].").

Because it is defendant's burden "to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000," *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), and defendant does not challenge plaintiff's allegations, the Court finds that the jurisdictional amount is not satisfied, and the case must be remanded.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand.

New Orleans, Louisiana, this __13th__ day of November, 2023.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE